■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WOJCIESZEK, Appellant.

■ Memorandum: At his probation revocation hearing, defendant admitted to charges that he violated probation by failing to report to his probation officer on four occasions and by failing to pay restitution in the sum of $75 per week as directed by the court. The sentence of probation was revoked, and defendant was sentenced to a term of imprisonment. On appeal, he contends that the court erred by failing to conduct further inquiry concerning his ability to pay and whether he had made sufficient good-faith efforts to pay restitution *(see, Bearden v Georgia,* 461 US 660; *People v Sherman,* 35 NY2d 931; *People v McArdle,* 70 AD2d 600, *after remand* 78 AD2d 544, *affd* 55 NY2d 639). We conclude that there was no need to undertake a further inquiry in this case. Prior to sentencing, the defendant submitted a lengthy written statement to the court regarding his efforts to obtain a better job than the one he had. He made a similar statement to the court at the time of sentencing. He did not seek further resentencing upon the ground of indigency and instead, pleaded that he be allowed to continue paying restitution. The court was well aware of defendant's employment circumstances and found, in effect, that he had not made sufficient bona fide efforts to pay. Moreover, the failure to pay restitution was not the sole basis for revocation of probation.

We have considered defendant's remaining claims and find them to lack merit. (Appeal from judgment of Erie County Court, D'Amico, J.—violation of probation.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.